Gear *v.* Clark.

HEZEKIAH H. GEAR, plaintiff in error, *v.* THOMAS CLARK, defendant in error.

*Error to Jo Daviess.*

A. sued B. in *assumpsit*, a *capias ad respondendum* was issued, and B. held to bail. Upon a return to the *capias ad satisfaciendum* of *non est inventus*, an action of debt was commenced upon the bail bond, and after the return day of the summons, the bail surrendered the principal debtor in open Court, who was taken into the custody of the sheriff. The bail pleaded *non est factum*, and two pleas setting forth the surrender, &c. The latter were demurred to, and the demurrer sustained by the Court: *Held*, that the demurrer was properly sustained, the statute not authorizing the surrender of the principal after the return day of the process against the bail.

DEBT upon a bail bond executed by the plaintiff in error and others to the defendant in error, and heard before the Hon. Thomas C. Browne, in the Circuit Court of Jo Daviess county, at the June term 1843.

During that term, the present plaintiff in error surrendered the principal debtor in open Court before any proceedings were had, and he was ordered into the custody of the sheriff. A plea of *non est factum*, and two special pleas

setting forth the surrender, &c. were then filed, a demurrer to the special pleas interposed, the demurrer sustained, and judgment rendered for the plaintiff below.

*J. J. Hardin & D. A. Smith*, for the plaintiff in error.

The principal error relied upon in this case is, the sustaining of the demurrer to the special pleas.

The correctness of this assignment of error, we suppose, must be tested by the true construction of the fifth section of the Revised Statutes, p. 82. We shall not undertake to construe it. The wording of the statute seems contradictory, contemplating in one part of it the surrender by the bail in vacation before the return of the process against him as such, and in another part the statute seems to give the bail the right to surrender his principal to the Court in which the suit may be pending during the sitting thereof. As illustration of the common law rights of bail in such a case as that now before us, we refer to 1 Bac. Abr. 342. At the common law, no reasonable doubt can be entertained as to the soundness of the pleas. A statute to repeal the common law must be clear and unequivocal as to its terms. We maintain that the statute before referred to cannot be so characterized. We trust that the Court will give such a construction to it, as will most effectually protect the bail from a proceeding against him somewhat penal in its character and consequences.

A surrender before judgment in the second *scire facias* is sufficient. Cro. El. 618; 2 Com. Dig. 51.

In the reason and nature of things, and so far as the interest of the judgment creditor and its protection by the surrender of the principal is concerned, there can be no essential difference between his surrender on a day just before Court, and a surrender of him during the term to which process against the bail is returnable, and before judgment is rendered against the bail.

*J. W. Chickering*, for the defendant in error.

The defendant in error submits, with the plaintiff in error,

that the decision of this case depends upon the construction which the Court may give to the fifth section of the statute relating to bail, and in which it is conceived there is neither ambiguity nor uncertainty. The statute above referred to allows the bail to surrender his principal "at any time before the return day of the process sued out against him." Perhaps, had the Court below accepted a surrender after that day, and entered an *exoneratur* upon the bail bond, such an extension of favor might not have been ground for error; but in this case such a course has not been adopted. The apparent ambiguity in the section above referred to is removed, upon the supposition that process might be made returnable upon some day during the term after the first day. And if it is said that a term of Court is but one day, it is replied that this principle cannot apply where the legislature have taken integral portions of the term and designated them "days of term."

The statute in question, if not a direct affirmance of the common law, is, in its provisions, analogous to the principles of the latter, which are the same as laid down in 1 Bac. Abr. 342, and 2 Comyn's Dig. 48, *et seq.*, appear to be, that the bail may surrender his principal upon or before the return day of the process sued out against him, and not afterwards, except from the "grace and favor" of the Court; that a surrender made upon or before such day may be pleaded by the bail in bar to any recovery against himself; but that a surrender after such day, not being *"ex debito et justitia,"* cannot be so pleaded.

The Opinion of the Court was delivered by

CATON, J.* The only question presented for the consideration of the Court in this case is, whether the surety in a bail bond can surrender his principal on or after the return day of the process sued out against the bail.

At common law, the delivering of the defendant to bail being a matter of record, the party was either entitled to a *scire*

---

* Justice YOUNG took no part in the decision of this case.

Gear *v*. Clark.

*facias*, or he might bring debt, and although, upon the return of the *capias* with *non est inventus*, the recognizance was forfeited and the right of action was complete; yet, in view of the hardship on the bail, the Courts adopted rules by which the principal might be surrendered afterwards. In case the plaintiff proceeded by *sci. fa.*, the principal might be surrendered on or before the return day of the second *sci. fa.* where two nihils were returned, or on or before the return day of the first *sci. fa.* where it was served, and the bail thereby discharged. Where the plaintiff proceeded by action of debt, the principal might be surrendered in open Court, within eight days after the return day of the process against the bail. 1 Bac. Abr. 342.

This discretionary power, however, has now been taken from the Courts by the legislature, and the whole matter settled by the law, as found in section five, chapter fourteen, of the Revised Statutes, upon the true construction of which the validity of these pleas depend. That section provides, that "it shall be lawful for the defendant in any action in any Court of record, when bail shall have been given as aforesaid, to surrender himself, or for his bail to surrender him, at any time before the return day of the process which may have been sued out against him as bail, to the Court in which the suit may be pending during the sitting thereof, or in vacation, to the sheriff of the county in which process was served." At the first reading of this statute, it would seem to be almost unintelligible, or at least somewhat inconsistent, in view of our Practice Act, which provides that all original process shall be returnable on the first day of the term, so that if the principal be surrendered during the sitting of the Court in which the suit may be pending against the bail, it must be on or before the return day of the process against the bail. As such a reading of the law would be entirely inconsistent, we must look for some other meaning. The whole difficulty, however, consists in determining what the legislature meant by the terms "action" and "suit," as found in the passage quoted. If, in the construction, we apply either of those terms to the proceeding against the bail, we are utterly una-

ble to give it any sensible construction; if, however, by those words we are to understand the original action against the principal, the whole passage becomes plain and intelligible. Thus, in any action in which the defendant is held to bail, the right is secured to the principal to surrender himself, or for the bail to surrender him, to the Court in which the suit is pending, in term time, or to the sheriff of the county in which the suit is pending, in vacation, at any time before the return day of the process sued out against the bail. This construction of the statute is rendered more apparent by a transposition of the passage quoted thus: " It shall be lawful for the defendant in any action in any Court of record, when bail shall have been given as aforesaid, to surrender himself, or for his bail to surrender him, to the Court in which the suit may be pending, during the sitting thereof, or, in vacation, to the sheriff of the county in which the process was served, at any time before the return day of the process which may be sued out against him as bail." This, we think, is the true construction of the Statute, and, consequently, the surrender of the principal after the return day of the process against the bail, did not exonerate him, and consequently, the pleas demurred to, stating that fact, present no defence to the action, and the demurrer was properly sustained.

The judgment of the Circuit Court is affirmed with costs.*

*Judgment affirmed.*

---

*A petition for a re-hearing was filed in this case, and *denied.*